No.  92-511

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

STATE OF MONTANA,

  Plaintiff and Respondent,

 v.

WENDELL O. GRAY,

  Defendant and Appellant.

APPEAL FROM: District Court of the Eighteenth Judicial District,
      In and for the County of Gallatin,
      The Honorable Thomas A. Olson, Judge presiding.

COUNSEL OF RECORD:

  For Appellant:

    Jennifer Bordy, Berry & Bordy,
    Bozeman, Montana

  For Respondent:

    Hon. Joseph P. Mazurek, Attorney General,
    Cregg W. Coughlin, Assistant Attorney General,
    Helena, Montana; A. Michael Salvagni, Gallatin
    County Attorney, Marty Lambert, Deputy
    County Attorney, Bozeman, Montana

FILED
MAY 25 1993
Filed: Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs: March 4, 1993

Decided: May 25, 1993

_____
Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

Following a bench trial in the Eighteenth Judicial District Court, Gallatin County, appellant Wendell O. Gray was found guilty of the crime of robbery, a felony, in violation of § 45-5-401, MCA. Gray appeals the court's final conviction and sentence entered on July 23, 1992. He also appeals the court's denial of motions for evaluation at the Montana State Hospital at Warm Springs entered on May 1, 1992.

We affirm.

Appellant presents two issues for this Court's consideration.

1. Did the District Court err in denying appellant's motion to obtain a complete psychological evaluation under § 46-14-202, MCA?

2. Did the District Court err at sentencing by not determining whether appellant suffered from a mental disease or defect at the time of the offense?

On January 19, 1992, a store clerk noticed Gray looking into the shoe store where she worked. Shortly thereafter, Gray entered the store, browsed for a minute, and then approached the cash register. Gray concealed his right hand in his coat pocket and handed the clerk a note which told her to give him the money and no one would get hurt. The store clerk believed that Gray was concealing a gun or a knife in his coat. She gave him all the money in the cash register. The store clerk testified that she smelled alcohol on Gray during the robbery. Gray placed the money in his coat and left the store. Based upon Gray's physical

2

description given by the store clerk, the police located Gray at a local bar. After the store clerk identified Gray at the police station, he was arrested and charged with robbery.

Because of a long history of mental health problems, Gray filed a motion requesting an evaluation at the Montana State Hospital at Warm Springs pursuant to § 46-14-202, MCA. The State requested that a local psychiatrist perform the evaluation to save time. The court ordered Dr. Noel Haukebo, a local psychiatrist, to perform the evaluation.

After Dr. Haukebo's first evaluation, Gray made a second motion for a more complete evaluation at Montana State Hospital because Dr. Haukebo met with Gray for only one afternoon. Gray contended that this was inadequate, considering Gray's history of mental illness. The District Court held a hearing and took the matter under advisement, but subsequently denied the motion.

A bench trial was held on June 23, 1992. After presentation of the evidence, the District Court found that Gray did not suffer from a serious mental disease or defect. The court recognized that Gray had mental disorders, but concluded that the disorders did not deprive him of the capacity to understand the nature and meaning of the proceedings against him, or of his conduct on the day of the robbery, and that Gray acted purposely and knowingly when he committed the robbery. The court found Gray guilty and sentenced him to 15 years in the Montana State Prison without eligibility for parole. Gray appeals the denial of the motions for evaluation and the final conviction and sentence.

I.

Did the District Court err in denying appellant's motion to obtain a complete psychological evaluation under § 46-14-202, MCA?

Section 46-14-202(1), MCA, provides that upon a written motion by the defense requesting an examination:

> [T]he district court shall appoint at least one qualified psychiatrist or licensed clinical psychologist or shall request the superintendent of the Montana state hospital to designate at least one qualified psychiatrist or licensed clinical psychologist . . . to examine and report upon the defendant's mental condition.

The statute gives the district court the discretion to appoint either a qualified professional or order the Montana State Hospital to evaluate the defendant. Absent an abuse of discretion we will not disturb the order of the district court.

In State v. Campbell (1985), 219 Mont. 194, 202, 711 P.2d 1357, 1362, cert. denied (1986), 475 U.S. 1127, we held that the district court did not err in denying appellant's motion for a second psychiatric evaluation simply because appellant thought that the results of the first evaluation were unfair. We stated that the statute does not provide for a second evaluation. Campbell, 711 P.2d at 1362. Gray seeks a second evaluation because he claims that the psychological evaluation was insufficient because of his long history of mental illness.

Section 46-14-202(3), MCA, provides that for the examination, "any method may be employed that is accepted by the medical or psychological profession for the examination of those alleged to be suffering from mental disease or defect." The record shows that

4

Dr. Haukebo is a qualified psychiatrist who testified at trial that the examination he performed was a standard evaluation for those asserting a mental disease or defect. In his first report, Dr. Haukebo stated that a person with such mental disorders should be given a period of inpatient care to reduce the severity of his illness.

Contrary to Gray's allegation that he was seen only once, Dr. Haukebo testified that he examined Gray on a second occasion the day before trial. In the second report, Dr. Haukebo stated that Gray retained the capacity to understand the nature and meaning of the proceedings against him and the possible outcome. Dr. Haukebo further opined that Gray was not seriously mentally ill as defined by Montana law and that Gray understood the criminality of his behavior. As we have stated previously:

> The spirit of the statute is to have a qualified professional examine a defendant for the purpose of evaluation. Where that spirit is substantially fulfilled, as here, we can find no substantial interference with a defendant's rights and, thus, no reversible error.

State v. Buckman (1981), 193 Mont. 145, 150-51, 630 P.2d 743, 746.

In this instance, the spirit of the statute was upheld. We hold that the District Court did not err in denying Gray's second motion for a psychiatric evaluation at the Montana State Hospital.

II.

Did the District Court err at sentencing by not determining whether appellant suffered from a mental disease or defect at the time of the offense?

5

Gray contends that the District Court erred when it did not consider his mental disease or defect at sentencing. Specifically, Gray asserts that pursuant to our holding in State v. Raty (1984), 214 Mont. 114, 692 P.2d 17, and § 46-14-311, MCA, the District Court did not determine at sentencing whether Gray suffered from a mental disease or defect at the time of the offense.

At the close of the evidence, the District Court specifically found that Gray did not suffer from a serious mental disease or defect. The court did not further discuss Gray's mental condition during the sentencing hearing, or in its written sentence and judgment. The only additional evidence regarding Gray's mental condition presented during the sentencing hearing was Gray's own testimony.

Section 46-14-312(1), MCA, provides:

If the court finds that the defendant at the time of the commission of the offense of which the defendant was convicted did not suffer from a mental disease or defect as described in 46-14-311, the court shall sentence the defendant as provided in Title 46, chapter 18.

In this instance, the District Court was the trier of fact making both legal and factual determinations. All the evidence regarding Gray's mental condition was presented during the bench trial. The court made a specific finding that Gray did not suffer from a mental disease or defect.

Based upon the presentence investigative report, the District Court sentenced Gray to 15 years at the Montana State Prison without possibility of parole. Attached to the presentence investigative report were the psychiatric reports of Dr. Haukebo.

6

We hold that the District Court did not err in its consideration of Gray's mental disease or defect at the time of the commission of the offense.

We affirm.

_____
                                    Justice

We concur:

_____
        Chief Justice

_____

_____

_____
        Justices

7

May 25, 1993

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Jennifer Bordy
Berry & Bordy
2631 West Main St.
Bozeman, MT 59715

Hon. Joseph P. Mazurek, Attorney General
Cregg Coughlin, Assistant
Justice Bldg.
Helena, MT 59620

A. Michael Salvagni
Marty Lambert, Deputy
615 S. 16th Ave., Rm. 100
Bozeman, MT 59715

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
   Deputy